In the Matter of JEROME S. SHULMAN, an Attorney, Respondent.

In the Matter of MILTON TEPLIN (Also Known as MILTON A. TEPLIN), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, February 9, 1960.

*Lewis B. Reynolds* of counsel (*Raymond P. Whearty* with him on the brief; *Frank H. Gordon,* attorney), for petitioner.

*Jerome S. Shulman,* respondent in person.

*Milton Teplin,* respondent in person.

*Per Curiam.* The respondent, Jerome S. Shulman, was admitted to practice in June 1941, and the respondent, Milton A. Teplin, in November, 1933. They are partners in a firm that maintains two offices, one in New York County, and the other in Westchester.

The respondents were charged with two specifications of misconduct. Upon the proof submitted to him, the learned Referee sustained the charges and concluded " that the two respondents should be held equally at fault." We approve the Referee's report and find the respondents guilty of the charges.

The first specification involved a client who retained them to prosecute a claim for personal injuries on a contingent fee arrangement. From the record, it appears that there was a

serious question as to whether the claim was one for workman's compensation or for negligence. Although the injuries attributed to the accident were neither extensive nor permanent, the client did grossly exaggerate them. It is a fair inference, however, that the respondents were unaware of that situation. It suffices to say that when it became apparent that the claim could not be settled, the respondents failed to take appropriate action thereafter.

When the client discovered that no lawsuit had been commenced he demanded that the respondents make him whole. They offered to give him what appears to be a reasonable sum, which he rejected. Instead he demanded an exorbitant amount and when the respondents refused to pay it, he filed a complaint with the petitioner.

Had this been the sole charge filed against the respondents, we would be inclined only to direct censure for their misconduct.

The second specification charged persistent violation of the rules of this court requiring the filing of statements of retainer in negligence cases. The record discloses that during five calendar years the partnership appeared for claimants in 97 cases, and Teplin individually represented 12 claimants. The partnership filed 9 claims in 1954; 18 in 1955; 16 in 1956; 21 in 1957; 33 in 1958. Thus, although the respondents were retained in over 100 negligence claims during those years, the Referee properly found that they filed only 8 statements of retainer from 1952 to 1958, spanning two years more than the period mentioned.

The respondents did not deny the charge. Their only explanation was that the matter of filing was normally left to employees who must have inadvertently failed to attend to this duty. Retainer statements are required to be signed by a member of a law firm. Since the respondents did sign the statements actually produced, the Referee found that their explanation was inadequate as an excuse. He stated, with respect thereto, that "this was a matter of extreme irresponsibility rather than deliberate intent."

We consider the failure to file retainer statements to be a serious disregard of the rules of this court. Violations thereof tend to undermine the administration of justice, and constitute a dereliction of duty by officers of the court, which will not be countenanced.

Were it not for the Referee's conclusion that the misconduct charged did not flow from a deliberate intent, we would impose more serious discipline.

For their misconduct with respect to their failure to file retainer statements, the respondents should be suspended for a

period of three months, with leave to apply for reinstatement at the expiration thereof.

RABIN, J. P., M. M. FRANK, VALENTE, MCNALLY and STEVENS, JJ., concur.

Respondents suspended for a period of three months.